IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-40771
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee

versus

MARK WAYNE REED

Defendant - Appellant

-------------------------------

Appeal from the United States District Court
for the Eastern District of Texas
(4:95-CR-17)
-------------------------------
July 1, 1996

Before: Smith, Benavides, and Dennis, Circuit Judges.

PER CURIAM:[*]

Mark Wayne Reed was convicted following a jury trial of possession of a firearm by a felon (count one), possession of a controlled substance with intent to distribute (count two), and use or carrying a firearm during and in relation to a drug-trafficking crime (count three). He was sentenced to a total term of imprisonment of 295 months, a five-year period of supervised release, and a $150 special assessment. The defendant appeals his conviction based on an alleged Fourth Amendment violation and insufficiency of the evidence for counts one and three. We reverse the conviction for

_____

[*]    Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

count three, and affirm the convictions for counts one and two.

Reed first argues that the district court erred in denying his motion to suppress evidence based on the failure of the officers who entered his home to knock and identify themselves. At an evidentiary hearing on the motion to suppress, Officer Flowers testified that after midnight on April 10, 1995, he arrived with nine or ten other Texas-state police officers at Reed's mobile home residence. Flowers had obtained a search warrant, classified as a "hazardous warrant." At the residence they found a gas station cord which they suspected was designed to alert the inhabitants of the residence if someone drove over it. The officers broke open the front door and then yelled that it was the police with a search warrant.

The officers discovered Reed and another man asleep. Five guns were located under that mattress, and a semi-automatic weapon was found in a drawer underneath the headboard on Reed's side of the bed. In another room, a locked gun cabinet contained methamphetamine, a sawed-off shotgun, and six other guns.

Flowers testified that he did not knock before entering based on his prior knowledge of Reed, who had previously attempted to escape from police officers through a trap door in the floor of his mobile home. Flowers testified that based on his experience, when a person is in possession of narcotics and the police arrive, the person will attempt to dispose of the narcotics.

Reed argues that the district court erred in denying his motion to suppress. He maintains that the search of his residence violated the Fourth Amendment because the officers failed to knock and identify themselves prior to forcibly entering his home. We review the district court's findings following a suppression hearing for clear error. *United States v. Inocencio*, 40 F.3d 716, 721 (5th Cir. 1994).

In *Wilson v. Arkansas*, 115 S.Ct. 1914, 1915 (1995), the Supreme Court examined the

common law of search and seizure, holding that the "common law 'knock and announce' principle forms a part of the reasonableness inquiry under the Fourth Amendment." The Court noted that "in some circumstances an officer's unannounced entry into a home might be unreasonable under the Fourth Amendment," and left it to the lower courts to determine those circumstances. *Id*. at 1918.

The defendant bears the initial burden of establishing that an unannounced entry occurred. *United States v. Fike*, __F.3d__ (5th Cir. May 7, 1996, No. 93-1797), 1996 WL 229346 at *6. If the defendant makes this showing, the burden shifts to the government to justify the search. *Id.* The "knock and announce" rule serves several fundamental interests, including "'(1) protecting law enforcement officers and household occupants from potential violence; (2) preventing the unnecessary destruction of private property; and (3) protecting people from unnecessary intrusion into their private activities. *Id.* (quoting *United States v. Sagaribay*, 982 F.2d. 906, 909 (5th Cir.), *cert. denied*, 114 S.Ct. 160 (1993)).

The district court found that the officers' conduct was reasonable because an alarm would sound if someone approached Reed's residence, a basis existed for believing that the officers might be endangered if they knocked, and a basis existed for believing that evidence would, in fact, be destroyed. The district court's factual findings were not clearly erroneous. Reed previously had attempted to escape from his mobile home while being pursued by the police. Reed's prior criminal history included possession of a prohibited weapon. The officers unannounced entry intro Reed's home was not unreasonable under the Fourth Amendment.

Reed appeals the district court's denial of his motion for a judgment of acquittal as to count one, possession of a firearm by a felon. The appellant failed to renew his motion for a judgment of acquittal at the close of all of the evidence, so his argument that there was insufficient evidence to support the conviction is reviewable only to determine whether there was a manifest miscarriage of

justice. *United States v. Laury*, 49 F.3d 145, 151 (5th Cir.), *cert. denied*, 116 S.Ct. 162 (1995).

Section 922(g)(1) requires proof that the defendant had a prior felony conviction, that the defendant possessed the firearm, and that the firearm traveled in interstate commerce. *United States v. Wright*, 24 F.3d 732, 734 (5th Cir. 1994). The possession of a firearm may be actual or constructive, defined as knowing ownership, control, or dominion over the item itself or over the premises where the item is located. *Id.* Reed admitted to the presence of "several firearms" in the residence in his written statement. The night of his arrest, he produced the key to the gun cabinet which contained a Cobray .45 handgun, among other weapons. Reed admits to two prior felony convictions. An ATF agent testified at trial that the gun was manufactured in Tennessee, indicating that it traveled in interstate commerce. The jury heard sufficient evidence to convict Reed for possession of a firearm by a felon.

Reed also appeals his conviction on count three, the use or carrying of a firearm during a drug-trafficking crime. The government concedes that it failed to establish "use" of the firearm during a drug-trafficking offense. In *Bailey v. United States*, 116 S.Ct. 501, 505 (1995), the Supreme Court defined "use" under the statute as "an *active employment* of the firearm by the defendant, a use that makes the firearm an operative factor in relation to the predicate offense." Because the record is devoid of evidence of an active employment or carrying of a firearm, we reverse the appellant's conviction on count three as a manifest miscarriage of justice.

The reversal of Reed's sentence for count three will not affect his sentences for counts one and two, so we need not remand the case for resentencing. Reed's sentence consisted of 120-month term of imprisonment on count one to be served concurrently with a 235-month term of imprisonment on count two. The 60-month term for count three was to be served consecutively with the other sentences. *See* 18 U.S.C. § 924(c)(1) (requiring that term of imprisonment imposed for violation of

§ 924(c)(1) shall not run concurrently with any other term of imprisonment.)

Reed was sentenced as a armed career criminal under the provisions of 18 U.S.C. § 924(e) and pursuant to U.S.S.G. § 4B1(b)(B), which provides for a mandatory minimum total offense level of 33. Since Reed's offense level on counts one and two did not exceed this minimum, he was sentenced using an offense level of 33. The reversal of count three could result upon a remand in a two level increase in the offense level for counts one and two, however, the total offense level would still not top the minimum of 33 under the armed career criminal provision. Thus the reversal can have no effect on the sentencing for counts one and two making a remand for resentencing unnecessary.

Therefore, we AFFIRM the convictions and sentences for counts one and two, and REVERSE the conviction and sentence for count three.